UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

- - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

        Plaintiff,

v.

KEVIN DANIEL BAKER

        Defendant.

_____/

No. 1:21-cr-00080

Hon. JANET T. NEFF
U.S. District Judge

## PLEA AGREEMENT

This constitutes the plea agreement between Kevin Daniel Baker and the United States Attorney's Office for the Western District of Michigan. The terms of the agreement are as follows:

1. **Defendant Agrees to Plead Guilty.** Defendant agrees to plead guilty to Count One of the Indictment. Count One charges Defendant with Arson in violation of Title 18, United States Code, Section 844(i).

2. **Defendant Understands the Crime.** In order for Defendant to be guilty of violating Title 18, United States Code, Section 844(i), the following must be true: Defendant (1) maliciously; (2) damaged or destroyed a building, vehicle, or other real or personal property; (3) by means of fire or explosive; and (4) the building, vehicle, or personal or real property was used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce. Defendant is pleading guilty because Defendant is guilty of the charge described above.

3. **Defendant Understands the Penalty.** The statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section

844(i), is the following: not less than 5 years' and up to 20 years' imprisonment; a 3-year period of supervised release; a fine of $250,00; and a mandatory special assessment of $100. Defendant agrees to pay the special assessment at or before the time of sentencing unless Defendant affirmatively demonstrates to the Court that Defendant lacks the ability to pay.

4. Mandatory Restitution (MVRA). Defendant understands that he will be required to pay full restitution as required by law. The parties currently believe that the applicable amount of restitution is approximately $615,000, but recognize and agree that this amount could change based on facts that come to the attention of the parties prior to sentencing. Defendant agrees to fully and truthfully complete a Financial Disclosure Statement and to submit the statement to the Financial Litigation Unit of the U.S. Attorney's Office within thirty days of executing this agreement.

5. Supervised Release Defined. Supervised release is a period of time following imprisonment during which Defendant will be subject to various restrictions and requirements. Defendant understands that if he violates one or more of the conditions of any supervised release imposed, he may be returned to prison for all or part of the term of supervised release, which could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

6. Factual Basis of Guilt. Defendant and the U.S. Attorney's Office agree and stipulate to the following statement of facts which need not be proven at the time of the plea or sentencing:

On January 17, 2021, Defendant entered the parking lot of Austin Jordan Engines, a commercial business located at 4259 Clyde Park Avenue SW in Wyoming, Michigan. Defendant checked cars parked in the lot for open doors to search for loose change and valuable items. Defendant then entered the building occupied by the busines Austin Jordan Engines. As detailed in footage from the surveillance cameras, Defendant roamed around the inside of the business, looking through drawers, desks, and closets. Defendant entered the business alone and was the only individual inside of Austin Jordan Engines. Defendant admits that while rummaging around the business, he found a variety of tools, a 9mm handgun, and blank checks. Defendant took these items and placed them inside of a Chevrolet Camaro parked in the garage area of Austin Jordan Engines.

Defendant admits that he then intentionally set fire to the building occupied by the business Austin Jordan Engines using a competent heat source. Defendant also admits that he set the business on fire to hide evidence of his burglary. After setting the building on fire, Defendant stole the Chevrolet Camaro, which contained the stolen tools, 9mm handgun, and blank checks.

The next day, Defendant drove the stolen Chevrolet Camaro to Pfeffer's Check Cashing in Wyoming, Michigan. Defendant hid the 9mm handgun that he stole from Austin Jordan Engines underneath the driver's seat of the Camaro, which he was driving. Defendant then attempted to cash some of the stolen checks from Austin Jorden Engines, but was subsequently arrested by police.

The fire that Defendant intentionally set caused extensive damage to the building occupied by the business Austin Jordan Engines. Defendant agrees that the estimated total loss as a result of the fire is $615,000. Austin Jordan Engines is a commercial business. In the normal course of their business Austin Jordan Engines engages in interstate commerce, including shipping and receiving engine parts from outside the state of Michigan.

7. <u>Dismissal of Other Counts/Charges</u>. The U.S. Attorney's Office agrees to move to dismiss the remaining count of the Indictment against Defendant the time of sentencing. Defendant agrees, however, that in determining the sentence the Court may consider the dismissed count in determining the applicable Sentencing Guidelines range, where the sentence should fall within the applicable guidelines range, and the propriety of any departure from the calculated guidelines range. By this agreement, Defendant does not concede that an increased sentence or an upward departure is, in fact, warranted.

8. <u>Acceptance of Responsibility</u>. The U.S. Attorney's Office agrees not to oppose Defendant's request for a two-level reduction of his offense level for acceptance of responsibility under Section 3E1.1(a) of the Sentencing Guidelines. However, the U.S. Attorney's Office reserves the right to object to Defendant's request if it subsequently learns of conduct by Defendant that is inconsistent with the criteria set forth in the Commentary to Section 3E1.1. Should the Court grant a two-level reduction as provided herein, the Government will move the Court to grant an

additional one-level reduction if the adjusted offense level is 16 or greater pursuant to Section 3E1.1(b).

9. <u>Prison Placement</u>. The U.S. Attorney's Office will not object to a request by Defendant that the Court recommend that Defendant be confined at any particular institution. Both parties acknowledge that the Bureau of Prisons, in its sole discretion, decides prison placement and that, while the Bureau often gives deference to a Court's recommendation, the Bureau is not required to follow the Court's recommendation.

10. <u>The Sentencing Guidelines</u>. Defendant understands that, although the United States Sentencing Guidelines (the "Guidelines") are not mandatory, the Court must consult the Guidelines and take them into account when sentencing Defendant. Defendant understands that the Court, with the aid of the presentence report, will determine the facts and calculations relevant to sentencing. Defendant understands that Defendant and Defendant's attorney will have the opportunity to review the presentence report and to make objections, suggestions, and recommendations concerning the calculation of the Guideline range and the sentence to be imposed. Defendant further understands that the Court shall make the final determination of the Guideline range that applies in this case, and may impose a sentence within, above, or below the Guideline range, subject to the statutory maximum and minimum penalties described elsewhere in this Agreement. Defendant further understands that disagreement with the Guideline range or sentence shall not constitute a basis for withdrawal of the plea.

11. <u>Waiver of Constitutional Rights</u>. By pleading guilty, Defendant gives up the right to persist in a plea of not guilty and the right to a speedy and public trial by jury or by the Court. As a result of Defendant's guilty plea, there will be no trial. At any trial, whether by jury or by the Court, Defendant would have had the following rights:

　　　　a.　　The right to the assistance of counsel, including, if Defendant could not afford an attorney, the right to have the Court appoint an attorney to represent Defendant.

　　　　b.　　The right to be presumed innocent and to have the burden of proof placed on the Government to prove Defendant guilty beyond a reasonable doubt.

　　　　c.　　The right to confront and cross-examine witnesses against Defendant.

　　　　d.　　The right, if Defendant wished, to testify on Defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

　　　　e.　　The right not to be compelled to testify, and, if Defendant chose not to testify or present evidence, to have that choice not be used against Defendant.

　　　　f.　　By pleading guilty, Defendant also gives up any and all rights to pursue in this Court or on appeal any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

12. <u>FOIA Requests.</u> Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

13. <u>Hyde Waiver.</u> Defendant acknowledges, by his voluntary admission of guilt, that the position of the U.S. Attorney's Office in this case is not vexatious, frivolous, or in bad faith, and Defendant hereby disclaims and waives any right to make any claim for attorney fees.

14. <u>The Court is not a Party to this Agreement.</u> Defendant understands that the Court is not a party to this agreement and is under no obligation to accept any recommendation by the U.S. Attorney's Office or the parties regarding the sentence to be imposed. Defendant further understands that, even if the Court ignores such a recommendation or imposes any sentence up to the maximum established by statute, Defendant cannot, for that reason, withdraw his guilty plea, and he will remain bound to fulfill all of his obligations under this agreement. Defendant understands that no one—not the prosecutor, Defendant's attorney, or the Court—can make a binding prediction or promise regarding the sentence Defendant will receive, except that it will be within the statutory minimum and maximum.

15. <u>This Agreement is Limited to the Parties.</u> This agreement is limited to the U.S. Attorney's Office for the Western District of Michigan, and cannot bind any other federal, state or local prosecuting, administrative or regulatory authority. This

agreement applies only to crimes committed by Defendant. This agreement does not apply to or preclude any past, present, or future forfeiture or civil actions.

16. <u>Consequences of Breach</u>. If Defendant breaches any provision of this agreement, whether before or after sentencing, the United States shall have the right to terminate this agreement or deny any or all benefits to which Defendant would otherwise be entitled under the terms of this agreement. In the event that the United States elects to terminate this agreement, the agreement shall be considered null and void, and the parties shall return to the same position they were in prior to the execution of this agreement, as though no agreement ever existed. In such an event, Defendant shall remain liable for prosecution on all original charges, and the United States shall be free to bring such additional charges as the law and facts warrant. Defendant further agrees to waive and forever give up his right to raise any claim that such a prosecution is time-barred if the prosecution is brought within one (1) year of the breach that gives rise to the termination of this agreement.

17. <u>This is the Complete Agreement</u>. This agreement has been entered into by both sides freely, knowingly, and voluntarily, and it incorporates the complete understanding between the parties. No other promises have been made, nor may any additional agreements, understandings or conditions be entered into unless in a writing signed by all parties or on the record in open court.

18. <u>Deadline for Acceptance of Agreement</u>. If a copy of this agreement, executed by Defendant and defense counsel, is not returned to the U.S. Attorney's Office by 6/14/2021, this agreement will be withdrawn automatically and will

thereafter have no legal effect or force, unless the U.S. Attorney's Office, in its sole discretion, chooses to accept an executed agreement after that date.

ANDREW BYERLY BIRGE
United States Attorney

06/09/2021
Date

ERIN K. LANE
Assistant United States Attorney

I have read this agreement and carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. No promises or inducements have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

6/2/2021
Date

KEVIN DANIEL BAKER
Defendant

I am Kevin Daniel Baker's attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

6/2/2021
Date

DENISE BUSWA
Attorney for Defendant

9