UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA

vs.

Case 1:21-cr-00080-JTN

JUDGE JANET T. NEFF

KEVIN DANIEL BAKER

| Assistant U.S. Attorney | Defense Counsel |
|---|---|
| Erin Kane Lane | Denise Marie Buswa |
| 330 Ionia Ave., NW Grand Rapids, MI 49501-0208 | McKay Tower |
| (616) 456-2404 erin.lane@usdoj.gov | 146 Monroe Center St., NW, Ste. 730 |
| | Grand Rapids, MI 49503 (616) 622-3064 |
| | denise@buswaberry.com |

## DEFENDANT'S SENTENCING MEMORANDUM

Mr. Baker pled guilty to Count One of the Indictment, Arson, a Class C Felony, in violation of 18 U.S.C. § 844(i).

For the reasons set forth in this memorandum counsel suggests a sentence of no more than the required mandatory minimum sentence, which falls within the Federal Sentencing Guidelines, followed by a period of supervised release. Such a sentence is reasonable and satisfies the theories of punishment.

APPLICABLE LAW

District courts have discretion in determining sentences according to the provisions of 18 U.S.C. § 3553(a). United States v. Booker, 543 U.S. 220, at 259-60(2005). Section 3553(a)(2) states that a district court should impose a sentence sufficient, but not greater than necessary . . . (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect

the public from further crimes of the defendant; and (D) to provide the defendant with needed . . . training, medical care, or other correctional treatment . . .. Section 3553(a) further provides that the district court should weigh factors such as "the nature and circumstances of the offense and the history and characteristics of the defendant;" "the kinds of sentences available;" "the [applicable] sentencing range[;]" the articulated policy goals of the guidelines; "the need to avoid unwarranted sentence disparities" among similar defendants; and "the need to provide restitution to any victims of the offense." § 3553(a)(1), (3)-(7). The guidelines are now merely one of the factors that the Court must consider in sentencing: Now when a district court imposes and we review a sentence for reasonableness, the focal point is on 18 U.S.C. § Page 2 of 24 3553(a) (footnote omitted). In Section 3553(a), there are numerous factors for a court to consider and under Booker's remedial holding, the sentencing guideline range is one of those factors. That is, while the guidelines remain important, they are now just one of the numerous factors that a district court must consider when sentencing a defendant. See e.g., United States v. Webb, 403 F.3d 373 (6th Cir. 2005) ("While a district court must still give some consideration to the appropriate guideline range when making a sentencing determination, a court is no longer bound by the applicable guidelines.) . . . Once the appropriate advisory guideline range is calculated, the district court throws this ingredient into the Section 3553(a) mix. Considering, as Booker requires, all of the relevant Section 3553(a) factors, including the guideline range, the district court then imposes a sentence. United States v. McBride, 434 F.3d 470, 475-76 (6th Cir. 2006). Any analysis of a proper sentence must begin with what the accused did to violate the law.

## SENTENCING

Mr. Baker is a 33-year-old, divorced father of two. He was raised by his mother and father who divorced when Mr. Baker was a child. Mr. Baker had a fairly normal life growing up.

Mr. Baker does not have a high school diploma or GED; however, he has excelled in his adult-life with his ability to obtain employment. It appears as through Mr. Baker's struggles with substance abuse addiction caused him issues at his most recent job which ultimately led to his termination. Mr. Baker's biggest hurdle in life has been and will continue to be his drug addiction. Mr. Baker admittedly struggles with addiction to meth and heroin. Mr. Baker's addiction has led him to some very dark places in his life including the instant case. Mr. Baker realizes and acknowledges that had he not been under the influence of methamphetamine on January 17, 2021, and the days preceding that date, he would not be in front of your Honor facing significant incarceration. Mr. Baker sees the impact his addiction to drugs has had on his life and his decision-making abilities.

Although, Mr. Baker has a prior criminal record, there is nothing in his record to suggest that he is a violent individual who cannot be rehabilitated. In fact, his record seems to suggest that he struggles with drug addiction and the consequences many addicts face in supporting their addiction. Mr. Baker is interested in taking advantage of all opportunities that are offered while he is incarcerated including furthering his education and seeking substance abuse treatment. Mr. Baker has the capacity and ability to be rehabilitated and be released back into the community where he can be a contributing member of society.

Mr. Baker has taken full responsibility for his conduct on the date of the offense. He understands that the results of his actions could have been considerably worse. Mr. Baker is truly remorseful for the damage he caused to the victim(s) in this matter. He plead guilty and has been forthcoming throughout the criminal prosecution process. He is ready to accept the consequences for his conduct.

CONCLUSION

Given the totality of the circumstances, Mr. Baker respectfully requests that this Honorable Court sentence him to the mandatory minimum term in a Federal Prison Camp opposed to a Federal Correctional Institution or Penitentiary, along with supervised release and restitution to the victim, Austin Jordan Engines. Such a sentence will apply the theories of punishment, the goals of punishment, and the principle of proportionality.

Further, such a sentence would be sufficient, but not greater than necessary to achieve the goals of sentencing. Therefore, Mr. Baker respectfully requests this Honorable Court to sentence him within the guidelines, to the mandatory minimum term of five years.

Respectfully Submitted,

*Denise M. Buswa*
_____          Dated: September 21, 2021
Denise M. Buswa (P82040)
Attorney for Defendant